IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-02115-WDM

UNITED STATES OF AMERICA,

    Petitioner,

v.

ADAN GRADO,

    Respondent.

**AMENDED ORDER**

Miller, J.

    This matter is before me on the Petitioner's Motion to Enforce Final Judgment and Enforcement Order (doc no 6). The United States asks that I find respondent in contempt for failure to comply with the Final Judgment and Enforcement Order, issued January 24, 2007, and that I impose a coercive sanction, including confinement and/or a monetary penalty of not less than $100 per day for each day of non-compliance. The United States also requests compensatory damages in an amount to be determined upon completion of the proceedings in this case. Respondent did not file a response to the motion to enforce. Although I found that the relief requested may be appropriate, on August 5, 2007, I ordered Respondent to show cause on or before August 24, 2007, why he should not be held in contempt for failure to comply with the January 24, 2007 order. Respondent also did not respond to the show cause order.

    I note that the Respondent has been served and an attorney has filed an entry of

appearance on January 19, 2007.

Civil contempt is an appropriate remedy upon finding by the court, by clear and convincing evidence, that: (1) a valid court order existed; (2) Respondent had knowledge of the order; and (3) he disobeyed the order. *Reliance Ins. Co. v. Mast Constr. Co.,* 159 F.3d 1311, 1315 (10th Cir. 1998). Both my final judgment and enforcement order and Order to Show Cause are valid court orders, both have been electronically filed and there is no reason to doubt that respondent and his counsel have had knowledge of the orders. As the record reflects, Respondent has entirely failed to obey either order. Consequently, I find that Respondent should be found in civil contempt.

Petitioner requests that I find the Respondent $100 per day for each day he fails to comply with my order. The Petitioner does not provide any factual basis for that amount but I find that such an amount would be appropriate coercive and remedial relief. However, in order to insure that such a fine performs that function and is not punitive, Respondent will not be assessed the fine if he complies with my January 24, and August 6, 2007 orders by April 21, 2008.

A status conference will be held on April 29, 2008, to determine if Respondent remains noncompliant and how this matter should proceed thereafter.

Accordingly, it is ordered that:

1. The Respondent, Adan Grado, is held in contempt of court.

2. Beginning March 26, 2006, the Respondent will be assessed $100 fine per day that he does not comply with my January 24 and August 6, 2007 orders.

3. If Respondent has complied with these orders by April 21, 2008, then no fine shall be assessed.

4. If Respondent fails to comply with these obligations, the daily fine will continue to accrue until he does comply, or I otherwise order.

5. A status conference will be held April 29, 2008, at 8:30 a.m. in the Alfred A. Arraj United States Courthouse, 901 19th St. Courtroom A902.

DATED at Denver, Colorado, on March 25, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge